THE STATE, EX REL. HENDERSON ET AL., APPELLANTS, *v.* SCHUELE ET AL., BOARD OF TRUSTEES, POLICE AND FIREMEN'S DISABILITY AND PENSION FUND, APPELLEES.

[Cite as State, ex rel. Henderson, v. Schuele, 20 Ohio St. 2d 92.]

(No. 69-378—Decided December 10, 1969.)

*Messrs. Fedor & Fedor*, for appellants.

*Mr. Paul W. Brown*, attorney general, and *Mr. Larry G. Brake*, for appellees.

*Per Curiam.* The conclusion to be reached in this appeal would, at this point, seem to be distinguished by its simplicity in an order of affirmance.

However, appellants contend that the situs of their

94

cause of action is in Franklin County, for the reason that under the provisions of Section 2307.35, Revised Code, actions against a public officer for an act done by him by virtue or under color of his office, or for neglect of his official duty, must be brought in the county where the cause of action arose; that the official place of business of the Police and Firemen's Disability and Pension Fund is in Franklin County, and their business is carried on therein; and that, therefore, this action in mandamus was properly brought in Franklin County.

The right which appellants assert is to have their claims for additional pensions allowed by the trustees of the Fund. The wrong allegedly suffered by appellants is the failure of respondents to allow such claims and to pay them. Those facts occurred in Franklin County, and, therefore, appellants' cause of action arose in Franklin County.

Unless there exists some statutory direction to the contrary, a mandamus action under the facts of this case may be brought in Franklin County. The language of Section 742.46, Revised Code, wherein reference is made to the fact that a party, allegedly aggrieved, *may* file a mandamus action in the Court of Common Pleas of the county wherein he resides, is permissive and not mandatory.

Accordingly, the judgment of the Court of Appeals, holding that it was without jurisdiction in the cause and ordering the cause dismissed without prejudice, is prejudicially erroneous and contrary to law. Therefore, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

*Judgment reversed.*

MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

TAFT, C. J., dissents because Section 742.46, Revised Code, provides relator with an adequate remedy in the ordinary course of the law by an action in the Common Pleas Court of his residence.

SCHNEIDER, J., dissents.